IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-00185-01-CR-W-HFS |
| | ) | |
| LAURO OLIVARES-REBOLLAR, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On August 7, 2023, a Criminal Complaint was filed against defendant Lauro Olivares-Rebollar. On August 16, 2023, the Grand Jury returned a three-count Indictment charging defendant Olivares-Rebollar with Conspiracy to Distribute 500 Grams or More of Methamphetamine (Count One), Conspiracy to Commit Money Laundering (Count Two), and Reentry by an Illegal Alien (Count Three).

On February 5, 2024, defendant Olivares-Rebollar filed a Motion to Continue Trial (Doc. #26). The motion requests a continuance to the joint criminal jury trial docket commencing October 21, 2024. The motion states:

> 4. On January 9, 2024, counsel received additional discovery in this matter. This discovery is voluminous and includes approximately 23,232 additional pages of disclosure and includes surveillance and audio files.
>
> 5. Mr. Olivares-Rebollar and undersigned counsel require additional time to review the discovery, adequately investigate and prepare for trial, or seek other resolution. The defense cannot reasonably be ready for trial by March 18, 2024.
>
> 6. Byron Black, Assistant United States Attorney, was consulted and does not object to this continuance.
>
> 7. On February 3, 2024, Mr. Olivares-Rebollar was advised of his Speedy Trial rights and consented to this continuance request.

(Doc. #26 at 2.)

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial or other disposition prior to October 21, 2024, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, it is

ORDERED that defendant Olivares-Rebollar's Motion to Continue Trial (Doc. #26) is granted. This case is removed from the joint criminal jury trial docket which commences March 18, 2024, and set for trial on the joint criminal jury trial docket which commences October 21, 2024. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and November 1, 2024, the last day of the October 21, 2024 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence. It is further

ORDERED that a pretrial conference is set for October 1, 2024. The time of the conference will be provided in a subsequent notice of hearing.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge