IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-00185-01-CR-W-HFS |
| | ) | |
| LAURO OLIVARES-REBOLLAR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 7, 2023, a Criminal Complaint was filed against defendant Lauro Olivares-Rebollar. On August 16, 2023, the Grand Jury returned a three-count Indictment charging defendant Olivares-Rebollar with Conspiracy to Distribute 500 Grams or More of Methamphetamine (Count One), Conspiracy to Commit Money Laundering (Count Two), and Reentry by an Illegal Alien (Count Three).

On September 5, 2024, defendant Olivares-Rebollar filed a Motion to Continue Jury Trial Setting (Doc. #29). The motion requests a continuance to the joint criminal jury trial docket commencing April 28, 2025. The motion states:

> 4. Discovery was received by undersigned counsel on or about September 25, 2023. The discovery consists of more than 428.53 GB of data. Discovery includes thousands of reports, documents, photos, T3 calls, pole camera footage, and phone downloads.
>
> 5. Undersigned counsel has not yet completed review of the discovery in-house or with Mr. Olivares-Rebollar due to schedule restraints and the volume of discovery.
>
> 6. Undersigned counsel is in the process of reviewing the discovery, both in-house and with Mr. Olivares-Rebollar, but has not yet completed the same due to schedule restraints and the volume of discovery. Counsel is also engaged in negotiation with the government in an attempt to find a pretrial resolution to this matter.

      7.      Mr. Olivares-Rebollar and undersigned counsel require additional time for the continued review of discovery, which necessitates the use of an interpreter, to hire and consult with any necessary experts, to continue plea negotiations, and to have the time necessary for counsel's effective preparation, considering the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). This cannot reasonably be done by October 21, 2024.

      8.      Patrick Edwards, Assistant United States Attorney, was consulted and does not object to this continuance.

      9.      Mr. Olivares-Rebollar has been informed of the statutory right to a speedy trial, joins in this request to continue, and does not object to the tolling of speedy trial during the requested period.

(Doc. #29 at 1-2.)

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial or other disposition prior to April 28, 2025, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, it is

ORDERED that defendant Olivares-Rebollar's Motion to Continue Jury Trial Setting (Doc. #29) is granted. This case is removed from the joint criminal jury trial docket which commences October 21, 2024, and set for trial on the joint criminal jury trial docket which commences April 28, 2025. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and May 9, 2025, the last day of the April 28, 2025 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence. It is further

ORDERED that a pretrial conference is set for April 8, 2025. The time of the conference will be provided in a subsequent notice of hearing.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge